The Honorable Randy Minton State Representative 880 Minton Road Ward, AR 72176-8618
Dear Representative Minton:
This is in response to your request for an opinion on the following question:
 Does a college student who lives in the county of the school they are attending establish residency by being there nine months out of the year? Are they qualified therefore to vote in the local elections?
You note, as an example, your two sons who live in Fayetteville, Arkansas and attend the University of Arkansas nine months out of the year. You have asked whether they could register to vote in Washington County.
RESPONSE
It is my opinion that the answer to this question is, generally, "no." That is, a college student does not, in my opinion, establish residency for voting purposes by living in the county of the school he is attending nine months out of the year.
A person is eligible to vote only in the county in which he resides on the date thirty-one calendar days prior to the election, unless specifically exempted. A.C.A. § 7-5-201(a) (Supp. 1999). In accordance with subsection (b) of § 7-5-201, as amended by Act 1471 of 1999, "[v]oting residence' shall be a voter's domicile. . . ." A.C.A. §7-5-201(b) (Supp. 1999) (emphasis added). After so specifying one's "voting residence" to be the voter's domicile, subsection (b) then continues by setting forth six provisions that further govern "voting residence," including the following which I believe are relevant to your question:
 The domicile of a person is that place in which his habitation is fixed and to which, whenever he is absent, he has the intention to return;
 Persons who are temporarily living in a particular place . . . as a result of their performing duties in connection with their status as
military personnel, students, or office holders shall be deemed residents of that place where they established their home prior to beginning such . . . duties.
A.C.A. § 7-5-201(b)(1) and (6) (Supp. 1999) (emphasis added).
It is my opinion that § 7-5-201(b)(6) likely governs your particular question, and that the "voting residence" of the college student would be that place where he established his home prior to beginning school. This is not to say that a college student is prohibited from establishing "voting residence" in the locality of his school. See Op. Att'y Gen.95-392 at n. 2 (noting that a state may not deny persons who are bona fide residents the right to vote on the basis of their status as students). Eligibility to vote will depend upon application of the law to the facts as developed with respect to each voter. I believe it may reasonably be concluded as a general matter, however, that the place where a student attends school nine months out of the year will not be "that place in which his habitation is fixed" such that it will be his place of domicile. A.C.A. § 7-5-201(b)(1), supra. Rather, the student is in all likelihood "temporarily living" there because of his student status. Thus, in accordance with § 7-5-201(b)(6), the student is deemed a resident of "that place where [he] established [his] home prior to beginning [his duties in connection with his status as a student]."
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh